**Elton LELAJ, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–3158–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

Robert J. Pures II, Christophe & Associates, P.C., New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Craig Oswald, Assistant United States Attorney, Daniel E. May, Assistant United States Attorney, Chicago, IL, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Elton Lelaj, a native and citizen of Albania, seeks review of a June 3, 2005, order of the BIA affirming the October 21, 2003, decision of Immigration Judge ("IJ") Michael W. Straus denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elton Lelaj,* No. A95 461 967 (B.I.A. Jun. 3, 2005), *aff'g* No. A95 461 967 (Immig. Ct. N.Y. City Oct. 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ based his adverse credibility determination on Lelaj's omission of his activity as a poll watcher in 2001 from his asylum application. The IJ found that this omission "clearly undercuts the respondent's credibility on a key issue in regard to his asylum claim." In his asylum application, Lelaj failed to include his work as a poll-watcher in June 2001, which was allegedly the basis for a subsequent beating. This was a substantial inconsistency, as those assertions comprise a significant portion of the physical harm that Lelaj claimed to have experienced in Albania. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Aside from the 2001 incident, Lelaj testified to only one other instance of persecution at the hands of the SP, which occurred in September 1998. Furthermore, while Lelaj explained that he did speak about the 2001 incident at his asylum interview and had mentioned it when he prepared his application, the IJ was not required to credit that explanation, because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Therefore, this omission properly provides substantial evidence for the IJ's adverse credibility determination.

■ Any error in other findings by the IJ were harmless because the inconsistency that he identified goes to the heart of Lelaj's claimed fear of persecution, and provides substantial evidence to support

**704**

his adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006); *Secaida–Rosales*, 331 F.3d at 308–09. Accordingly, we can state with confidence that the same decision would be made were the case remanded. *See id.*

 Because the only evidence of a threat to Lelaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).